**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DIANA DOE, et al. | |
| Plaintiffs, | |
| v. | Case No. 8:25-cv-2947 |
| DEPARTMENT OF DEFENSE, *et al*. | |
| Defendants. | |

**ANSWER TO COMPLAINT**

Defendants, by and through undersigned counsel, submit this Answer to Plaintiffs' Complaint (ECF No. 1).

**<u>INTRODUCTION</u>**

1.      Defendants lack sufficient information to admit or deny the allegations in the first, third, and fourth sentences of this paragraph.  Deny the allegations in footnote 1; aver that TRICARE is a statutory benefit program authorized under Chapter 55 of Title 10, United States Code, specifically 10 U.S.C. §§ 1071-1110b, and implement in accordance with regulations in Part 199 of Title 32, Code of Federal Regulations, specifically 32 C.F.R. §§ 199.1-199.26.  Deny the remaining allegations in this paragraph.

2.       Defendants lack sufficient information to admit or deny the allegations in the first and third sentences of this paragraph.  Deny the second sentence.  The allegations in the fourth sentence constitute Plaintiffs' characterization of their case and conclusions of law, to which no factual response is required.  To the extent the allegations in the fourth sentence may be considered allegations of fact, they are denied.

3.      The allegations in this paragraph constitute Plaintiffs' characterization of their case and conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

4.      The allegations in this paragraph constitute Plaintiffs' characterization of their case and conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

## JURISDICTION AND VENUE

5.      The allegations in this paragraph consist of conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

6.      The allegations in this paragraph consist of conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

7.      The allegations in this paragraph consist of conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

8.      The allegations in this paragraph consist of conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

9.      The allegations in this paragraph consist of conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are denied.

10.    The allegations in this paragraph consist of conclusions of law, to which no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, Defendants admit that venue is appropriate in this District if the Court has jurisdiction, which it does not.

## PARTIES

11.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

12.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

13.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

14.    Admitted.

15.    To the extent the allegations in this paragraph consist of conclusions of law, no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically §§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best evidence of their respective contents as they relate to the Secretary of War's duties and responsibilities, and otherwise they are denied.

16.    To the extent the allegations in this paragraph consist of conclusions of law, no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically §§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best evidence of their respective contents as they relate to the Under Secretary of War  for Personnel and Readiness' duties and responsibilities, and otherwise they are denied.

17.    To the extent the allegations in this paragraph consist of conclusions of law, no factual response is required.  To the extent the allegations in this paragraph may be considered allegations of fact, they are admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically §§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best

evidence of their respective contents as they relate to the Acting Assistant Secretary of War for Health

Affair's duties and responsibilities, and otherwise they are denied.

18.    Admitted.

19.    To the extent the allegations in this paragraph consist of conclusions of law, no factual

response is required.  To the extent the allegations in this paragraph may be considered allegations of

fact, they are admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically

§§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best

evidence of their respective contents as they relate to the Director's duties and responsibilities, and

otherwise they are denied.

## FACTS
### I.    Gender dysphoria is a serious medical condition.[1]

20.    The first sentence is denied. Defendants lack sufficient information to admit or deny the

allegations in the second and third sentences of this paragraph.

21.    Denied.

22.    Denied.

23.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

24.    Denied.

### II.    For nearly a decade, TRICARE covered medically necessary gender transition medications for transgender adolescents and young adults.

25.    Admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically

§§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best

evidence of their respective contents, and otherwise they are denied.

---

[1]    Defendants repeat the headings from Plaintiff's Complaint for ease of reference. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

26.     Admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically §§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best evidence of their respective contents, and otherwise Defendants lack sufficient information to admit or deny the allegations in this paragraph.

27.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents, and otherwise the allegations are denied.

### III.     As part of a targeted reversal of legal equality for transgender people, the President ordered DoD to terminate TRICARE coverage for gender transition medications.

28.     Denied.

29.     Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent that the footnote to this paragraph cites a document, Defendants lack sufficient information to admit or deny the allegations in that document, which is the best evidence of its contents.

30.     Denied.  To the extent that the footnotes to this paragraph cite documents, Defendants lack sufficient information to admit or deny the allegations in those documents, which are the best evidence of their contents.

31.     Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent that the footnotes to this paragraph cite documents, Defendants lack sufficient information to admit or deny the allegations in those documents, which are the best evidence of their contents.

32.     Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent that the footnotes to this paragraph cite documents, Defendants lack sufficient information to admit or deny the allegations in those documents, which are the best evidence of their contents.

33.    Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent that the footnotes to this paragraph cite documents, Defendants lack sufficient information to admit or deny the allegations in those documents, which are the best evidence of their contents.

34.    Denied.

35.    Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent that the footnotes to this paragraph cite to documents, Defendants lack sufficient information to admit or deny the allegations in those documents, which are the best evidence of their contents.

36.    Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent that the footnote to this paragraph cites to documents, Defendants lack sufficient information to admit or deny the allegations in those documents, which are the best evidence of their contents.

37.    Denied.

38.    Admit that President Trump issued Executive Order 14168. The allegations in the second sentence of this paragraph consist of Plaintiffs' characterization of Exhibit B of their Amended Complaint, to which no factual response is required.  The remaining allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

39.    Admit that President Trump issued Executive Order 14168, which provided definitions of "sex," "women," "girls," "men," "boys," "female," and "male." The remainder of the paragraph is denied.

40.    The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

41.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

42.     Denied.

43.     Admit that the President issued Executive Order 14187. Otherwise denied.

44.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

45.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

46.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

47.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

IV.     **Following the President's orders, DoD reversed its prior policy and banned gender transition medications from being covered by TRICARE or provided at military hospitals and clinics.**

48.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

49.     The allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

50.     Admit that the Acting Assistant Secretary of War for Health Affairs issued a memorandum dated May 9, 2025. The remaining allegations in this paragraph are admitted only to the extent supported by the document cited, which is the best evidence of its contents.

51.     The allegations in this paragraph are admitted only to the extent supported by the documents cited, which are the best evidence of their contents.

52.     Denied. For almost forty years, from the time of the implementation of the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) in 1977, the Department categorically excluded

all gender dysphoria treatment. In 2016, the Obama administration amended the rules to eliminate the categorical exclusion of non-surgical care for the treatment of gender dysphoria. 42 Fed. Reg. 17972, at 17997 (Apr. 4, 1977).

53.     Denied. For almost forty years, from the time of the implementation of the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) in 1977, the Department categorically excluded all gender dysphoria treatment. In 2016, the Obama administration amended the rules to eliminate the categorical exclusion of non-surgical care for the treatment of gender dysphoria. 42 Fed. Reg. 17972, at 17997 (Apr. 4, 1977).

54.     Denied.

55.     The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

## V.     The Healthcare Order, TRICARE Exclusion, and MTF Care Ban are not authorized by statute.

56.     The allegations in this paragraph are admitted only to the extent supported by the documents cited, which are the best evidence of their contents.

57.     The allegations in this paragraph consist of conclusions of law to which no response is required. The allegations in this paragraph are admitted only to the extent supported by the documents cited, which are the best evidence of their contents. To the extent they may be considered allegations of fact, they are denied..

58.     The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

59.     The allegations in the first sentence of this paragraph are admitted only to the extent supported by Chapter 55 of Title 10 U.S.C., specifically §§ 1071-1110b, and Part 199 of Title 32 C.F.R., specifically §§ 199.1-199.26, which are the best evidence of their respective contents. The remaining allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

60.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, they are denied.

**VI.    DoD's care and coverage bans will harm Plaintiffs.**

61.    Denied.

A.    **Diana Doe**

62.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

63.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

64.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

65.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

66.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

67.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

68.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

69. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

70. Denied.

B. **Parker Poe**

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

72. Defendants lack sufficient information to admit or deny the (redacted) allegations in this paragraph.

73. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

74. Defendants lack sufficient information to admit or deny the (redacted) allegations in this paragraph.

75. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

76. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

77. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

78. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

79. Denied.

C. **Brendan Boe**

80. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

81. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

82.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

83.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

84.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

85.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

86.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

87.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

88.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

89.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

90.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

91.  Defendants deny that the policy "disrupted continuity of care."  Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

92.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

93.  Denied.

**CLAIMS FOR RELIEF**

**COUNT I**

**Administrative Procedure Act, 5 U.S.C. § 706(2)(D)**
**Agency Action Taken Without Observance of Procedure Required by Law**

94.  Defendants incorporate by reference the preceding responses.

95.  The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, they are denied.

96.  The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statute, which is the best evidence of its contents.

97.  The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statute, which is the best evidence of its contents.

98.  The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

99.  The allegations in this paragraph consist of conclusions of law to which no response is required.

100. The allegations in this paragraph consist of conclusions of law to which no response is required.

101. The allegations in this paragraph consist of conclusions of law to which no response is required.

102.  The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, they are denied.

## **COUNT II**
### **Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C)**
### **Agency Action Not in Accordance with Law and in Excess of Statutory Authority**
### **Arbitrary and Capricious Agency Action**
### **Asserted by [Redacted] Only**

103. Defendants incorporate by reference the preceding responses.

104. The allegations in this paragraph consist of conclusions of law to which no response is required.

105.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

106.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statute, which is the best evidence of its contents.

107.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statute, which is the best evidence of its contents; otherwise, allegations of fact herein are denied.

108.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

109.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, they are denied.

<u>**COUNT III**</u>
**Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C)**
**Agency Action in Excess of Statutory Authority**
**Arbitrary and Capricious Agency Action**

110.    Defendants incorporate by reference the preceding responses.

111.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statutes, which are the best evidence of their contents; otherwise, allegations of fact herein are denied.

112.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

113.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statutes, which are the best evidence of their contents; otherwise, allegations of fact herein are denied.

114.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the May 9 Memorandum, which is the best evidence of its contents; otherwise, allegations of fact herein are denied.

115.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

116.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

117.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

118.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

**COUNT IV**
**Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201**

119.    Defendants incorporate by reference the preceding responses.

120.    The allegations in this paragraph consist of conclusions of law to which no response is required.

121.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, Defendants refer the Court to the statutes, which are the best evidence of their contents; otherwise, allegations of fact herein are denied.

122.    The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent they may be considered allegations of fact, they are denied.

**PRAYER FOR RELIEF**

Plaintiffs' prayer for relief requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

**AFFIRMATIVE DEFENSES**

Plaintiffs have failed to state a claim on which relief can be granted.

The Court does not have subject matter jurisdiction.

Dated: March 3, 2026                                Respectfully submitted,

                                                    BRETT A. SHUMATE
                                                    Assistant Attorney General
                                                    Civil Division

                                                    ALEXANDER K. HAAS
                                                    Director, Federal Programs Branch

                                                    JEAN LIN
                                                    Special Litigation Counsel

                                                    */s/ M. Jared Littman*
                                                    M. JARED LITTMAN
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    1100 L Street NW
                                                    Washington, DC 20005
                                                    Telephone: (202) 514-5578
                                                    Jared.Littman2@usdoj.gov

                                                    *Attorneys for Defendants*